HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NHAN PHONG VU TRAN,
STEPHANIE T AU,

                    Plaintiff,

            v.

BANK OF AMERICA NA, and
NORTHWEST TRUSTEE SERVICES
INC.,

                    Defendants.

CASE NO. 13-2299 RBL

ORDER ON MOTIONS TO DISMISS

## I.    BACKGROUND

THIS MATTER is before the Court on Motions to Dismiss by Defendants Northwest Trustee Services [Dkt. # 8] and Bank of America North America[1] [Dkt. # 13].  This is the second time Plaintiffs Tran and Au (together "Tran," for clarity) have sued these defendants about their home mortgage and its subsequent foreclosure.  Northwest and BANA argue that Tran's claims are barred by res judicata and, in any event, lack merit.  All of Tran's claims are barred by res judicata, so it is not necessary to reach the merits.

---

[1] BANA also moves to strike [Dkt # 18] Tran's supplemental filing [Dkt. #17].  That Motion is DENIED, however, the Court finds nothing of importance in the late-filed document.

## II.   FACTS

### A.   Factual History

In 2005, Tran borrowed $300,219 from America's Wholesale Lender to purchase residential property in Clark County.  The loan was evidenced by a promissory note and secured by a deed of trust.  First American Title Trustee was the Deed of Trust trustee, and Mortgage Electronic Registration Systems, Inc. (MERS) was the beneficiary as nominee of the Lender and its successors.  MERS assigned its interest to BAC Home Loans Servicing, L.P., which was later merged into BANA.  BANA appointed Defendant NWTS as the successor trustee.

By 2009, Tran had defaulted and the then-trustee initiated a non-judicial foreclosure.  The foreclosure halted when Tran agreed to a Trial Period Plan (TPP) under the Home Affordable Modification Program (HAMP).  The TPP allowed Tran to pay a reduced monthly payment while the bank determined whether he was eligible for a permanent loan modification.  BANA requested documents from Tran to evaluate his eligibility.  Tran alleges that he complied with all document requests even though BANA repeatedly asked for documents that Tran claims he had already submitted.

Nonetheless, in May, 2011, BANA notified Tran that it had denied permanent loan modification because his TPP application was incomplete.  Tran alleges that the rejection was a "shock" and that he responded by immediately providing more documentation to BANA.   He also continued to make payments in the amount specified in the TPP.

In July, 2011, BANA sent Tran a notice of default and re-initiated the foreclosure process.  On August 24, 2011, NWTS scheduled the foreclosure sale for November 28, 2011.

Tran claims that BANA told him that the foreclosure would not proceed while it received and reviewed his recently submitted TPP documentation.   Indeed, BANA asked Tran for additional documents eleven days before the foreclosure sale.  Nevertheless, the sale occurred as scheduled on November 28, 2011.

**B.      Procedural History**

In March, 2012, Tran sued BANA, NWTS, and others in Clark County Superior Court, alleging a variety of claims.   The matter was removed here, and this Court dismissed the following claims with prejudice:

- Wrongful Foreclosure by BANA and NWTS
- Breach of Contract by BANA
- Breach of the Duty of Good Faith by NWTS
- Breach of HAMP Agreement
- Negligence
- Equitable Estoppel
- Unjust Enrichment
- Tortious Interference with Contract or Expectancy
- Quantum Meruit
- Slander of Title
- Violation of RESPA and TILA

But the Court did not dismiss Tran's negligent misrepresentation and Consumer Protection Act claims.  See Cause No. 3:12-cv-05341-RBL, Dkt # 25.  In September, 2013, Tran voluntarily dismissed these remaining claims (without prejudice).

On December 23, 2013, Tran filed this lawsuit relating to the same property and the same transaction.  His complaint repeats his negligence and tortious interference claims against NWTS and his breach of contract claims against BANA.  Tran also asserts new claims for breach of the duty of good faith and promissory estoppel against BANA.  The only claims that were not dismissed in the prior case—the negligent misrepresentation and CPA claims—are notably absent from his new complaint.

BANA and NWTS ask that Tran's allegations be dismissed.  They argue that res judicata bars Tran's claims that were or could have been asserted in the previous action and that Tran waived his claims by failing to enjoin the foreclosure.  To the extent that Tran's claims are not barred by res judicata, BANA and NWTS contend that Tran has failed to state a claim.  Tran argues that the claims are not barred or deficient.

### III.   DISCUSSION

#### A.    Motion to Dismiss Standard

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint must allege facts to state a claim for relief that is plausible on its face.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion.  *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).  This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly* ).  In the event the pleadings are insufficient, the Court may allow the plaintiffs to amend their complaint with further particularized allegations of fact that are supportive of the

claims. *See Warth v. Seldin*, 422 U.S. 490, 501-502, 95 S. Ct. 2197 (1975). Where it is clear amendment would be futile, the court may dismiss the complaint without leave to amend. *See Havas v. Thornton*, 609 F.2d 372 (9th Cir. 1979).

### B.  Res Judicata

The doctrine of res judicata bars "relitigation of a claim that has been determined by a final judgment." *Williams v. Leone & Keeble, Inc.*, 171 Wn2d 726, 730, 254 P.3d 818, 820-821 (2011) (internal citation omitted). Application of the doctrine requires concurrence of identity in four respects: (1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made. *Schoeman v. New York Life Ins. Co.*, 106 Wn.2d 855, 858, 726 P2d. 1 (1986). Res judicata bars both issues raised in a prior suit and issues that could have been raised in a prior suit: "The general doctrine is that the plea of res judicata applies . . . not only to points upon which the court was actually required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." *Currier v. Perry*, 181 Wash. 565, 569, 44 P.2d 184, 185-186 (1935).

Here, Tran previously sued the same defendants regarding the same foreclosure on the same property. The parties and the subject matter are identical. Further, this lawsuit and Tran's original lawsuit both assert tortious interference and negligence claims against NWTS. This Court previously dismissed these claims with prejudice. Tran is, thus, barred from re-filing those same claims in this lawsuit.

The original and present lawsuits also both assert a claim of breach of contract for BANA's denial of HAMP modification. Tran relies heavily on *Corvello v. Wells Fargo Bank*

*N.A.*, 728 F.3d 878 (9th Cir. 2013), a Ninth Circuit opinion issued in August, 2013—a month prior to Tran's voluntary dismissal, and a couple of months before he filed this case.   *Corvello* held that a TPP entered into by a loan service and borrower is an enforceable contract under state common law, notwithstanding the fact that HAMP guidelines do not provide a federal private cause of action.   *Memmot v. Newest Bank,* FSB, 2013 U.S. Dist. LEXIS 185388, citing to *Corvello,* 728 F.3d 878 (2013).   This Court, however, without benefit of *Corvello*, had dismissed Tran's "HAMP" breach of contract claim in March, 2012.   While *Corvello* may have dictated a different result, Tran is nevertheless barred by res judicata from re-filing a claim that was dismissed with prejudice.   Tran could have challenged the Court's order by appealing or, because *Corvello* was decided before Tran voluntarily dismissed his remaining claims, by filing a Rule 60(b) motion in the prior case.   But Tran missed his opportunity to appeal or obtain relief from the Court's order in the prior case.   He cannot now circumvent the Court's ruling and re-litigate a claim that has already been adjudicated.

The only remaining claims are for breach of the duty of good faith and promissory estoppel.   These claims are simply variations of Tran's breach of contract claim—that BANA acted improperly in not granting the HAMP modification.   Further, the promissory estoppel claim is deficient as there was no non-contractual promise nor was there reliance; Tran was obligated to pay the loan regardless.   In any event these claims are based on the same facts as were alleged in his original lawsuit.   Because Tran could have brought his claims for breach of the duty of good faith and promissory estoppel against BANA in his prior lawsuit they too are barred by the doctrine of res judicata.

//

//

**IV.    CONCLUSION**

NWTS and BANA's Motions to Dismiss are GRANTED and all of Tran's claims are dismissed with prejudice.   BANA's Motion to Strike is DENIED.   Costs and fees are not awarded.

IT IS SO ORDERED.

Dated this 23rd day of May, 2014.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE